{¶ 41} While I agree with the majority that appellant could have been prosecuted under other charges, the evidence in the record in this case supports appellant's conviction for disorderly conduct. Therefore, I respectfully dissent.
 {¶ 42} Under R.C. 2917.11(A)(4), a person is guilty of disorderly conduct if his or her actions recklessly cause an inconvenience or annoyance to another by "[h]indering or preventing the movement of persons on a public street * * * by any act that serves no lawful and reasonable purpose." R.C.2901.22(C) provides that a person acts "recklessly" when he "disregards a known risk that his conduct is likely to cause a certain result."
 {¶ 43} As the majority correctly states "[n]o matter how noble Gregorino believed his cause to be, his First Amendment right to free speech did not provide him with a lawful reason to be in the street." Thus, Gregorino was not serving a lawful or reasonable purpose when he was in the street after being warned by the police not to do so.
 {¶ 44} The majority then concludes that it was the police, not Gregorino, who annoyed and inconvenienced Ms. Cickelli. This conclusion is wrong. The street was not closed by the police in this case to accommodate a lawful or reasonable purpose, such as a crowd leaving a sporting event. Under the majority's tortured logic, if the police allow cars to go the opposite direction on a one-way street to facilitate traffic movement after a sporting event, someone arrested for going the wrong way on that same street on a non-sporting event day could assert the police's lawful redirection of traffic on a sporting event day as a defense to his wrong way driving citation. Or, if local authorities schedule a controlled burning of an old building for firemen training, someone who, without lawful authority, sets fire to the building two days before the controlled burn could not be charged with arson because authorities were going to burn the building down anyway. That simply is not the law.
 {¶ 45} The police did not close the street to accommodate the public or Gregorino while engaged in a lawful act. Rather, as the trial court correctly found, the street was closed as a result of Gregorino's and his fellow demonstrators' conduct. In fact, the street was not closed to traffic "until the last minute," after the police received information from undercover officers in the crowd that the demonstrators intended to ignore the officers' orders and march into the street and when it became apparent, based upon the march route of the demonstrators, that they would unlawfully enter the street. This is not a case where the street had been closed to traffic for an extended period of time. It's also not a case of "proximate cause," as speculated by the majority, but rather simply a case of cause. The evidence demonstrates that Gregorino's conduct, as well as the unlawful actions of his fellow demonstrators, caused the last-minute re-routing of traffic and Ms. Cickelli's annoyance and inconvenience. See, generally, Cleveland v. Egeland (1986),26 Ohio App.3d 83 (the protestors' actions of entering the street, which forced the re-routing of traffic, after being warned to stay out of the street, was sufficient to sustain a disorderly conduct conviction).
 {¶ 46} Moreover, even if one accepts the majority's view, Gregorino's unlawful entry into the street, after warning from the police not to do so, extended the time during which the public street had to remain closed, with the resulting annoyance and inconvenience to the public for such extended period. In either event, the evidence in the record supports appellant's conviction.
 {¶ 47} For the reasons stated above, I would affirm the judgment of the trial court below.